**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

KAPONO TARPY,                                                          PLAINTIFF
Reg #19187-075

v.                                        2:12CV00182-BSM-JJV

USA; *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is

granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Kapono Tarpy, a federal inmate, filed this action *pro se* pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1,2]  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. No. 21.)  Defendants argue that Plaintiff failed to exhaust his administrative remedies. Plaintiff has filed a Response (Doc. No. 24).

---

[1]In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.  *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

[2]Plaintiff styled this matter as an action under the Federal Torts Claim Act.  However, in substance this is clearly a *Bivens* cause of action.  For example, in his Response Plaintiff states that "this is a *Bivens* action as well as a Constitutional claim [.]" (Doc. No. 24 at 2.)

When matters outside the pleadings are presented and not excluded by the court, Rule 12(d) of the Federal Rules of Civil Procedure requires that a motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d); *Barron ex rel. D.B. v. South Dakota Bd. of Regents*, 655 F.3d 787, 791 (8th Cir. 2011). In such event, Rule 12(d) further requires that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion. *Barron*, 655 F.3d at 791; *Van Zee v. Hanson*, 630 F.3d 1126, 1129 (8th Cir. 2011). Constructive notice that the court intends to consider matters outside of the complaint can be sufficient. *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000). "Consideration of matters outside the pleadings is harmless where the moving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." *Van Zee*, 630 F.3d at 1129 (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003).

Here, the Defendants titled their Motion as one to dismiss or in the alternative for summary judgment. (Doc. No. 21.) Plaintiff, likewise, titled his Response as a "Response to Motion to Dismiss, or In the Alternative, Motion for Summary Judgment." (Doc. No. 24.) Based on theses filings, the Court finds that Plaintiff had constructive notice that the motion to dismiss might, instead, be treated as a motion for summary judgment. *Cf. Country Club Estates*, 213 F.3d at 1006 (holding that the nonmoving party lacked constructive notice where the words "summary judgment: or "Rule 56" were never uttered by the Court or by the defendant until the entry of the court's order dismissing the complaint.) Additionally,

Plaintiff will be given a chance to file written objections to this Court's findings.

After careful consideration of the pleadings, the Court concludes that the Motion for Summary Judgment (Doc. No. 21) should be GRANTED for the following reasons.

## I.   BACKGROUND

On or about May 26, 2011, Plaintiff broke his finger while playing softball in the recreational yard.  (Doc. No. 2 at 5.)  The next day he obtained treatment in the Health Services Office from Nurse Kevin Ward.  (*Id.*)  Nurse Ward provided him with a foam splint, an ace bandage, and ibuprofen and put him on a list for an x-ray.  (*Id.* at 5-6.)

Four days elapsed with no x-ray, so Plaintiff returned to Health Services.  Nurse Rios told him the x-ray technician was on vacation and would return in two weeks and he should come back then.  (*Id.* at 6.)  The following day, Plaintiff asked Mrs. Graham, the Health Services Administrator (HSA), about obtaining an x-ray of his finger and was given no relief. (*Id.*)

Approximately two weeks later, Plaintiff's finger was x-rayed and Dr. Peikar diagnosed "a little crack" in his finger.  (Doc. No. 2 at 6.)  He advised Plaintiff to continue wearing the splint, keep his finger elevated, and return in six weeks for a follow-up x-ray. (*Id.*)

On June 23, 2011, due to pain and inability to form a fist, Plaintiff returned to Health Services and was seen by Physician's Assistant Wingo, who ordered a second x-ray and scheduled an appointment with an orthopedic surgeon. (Doc. No. 2 at 6.)  On July 8, 2011, Bret Sokoloff, M.D., told Plaintiff his finger was "destroyed" and surgery might not repair

the damage.  (*Id.*)

Based on these events, Plaintiff asserts that the Defendants acted with deliberate indifference towards his injury.  He states that due to the Defendants' negligence and poor standard of care, he has constant pain in his finger and it is permanently disfigured. (*Id.* at 7.)

## II.   STANDARD

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'") (quoting *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995).

A nonmovant has an obligation to present affirmative evidence to support his claims. *Settle v. Ross*, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994).  Moreover, *pro se* complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*,

404 U.S. 519, 520-21 (1972). But if the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. *See Celotex*, 477 U.S. at 322.

The failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The Prison Litigation Reform Act (PLRA)[3] requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983. *Woodford*, 548 U.S. at 85; *Porter v. Nussle*, 534 U.S. 516, 524 (2002)

---

[3]The FTCA also bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (prisoner failed to exhaust administrative remedies prior to filing suit under the FTCA).

(federal prisoners suing under *Bivens* must first exhaust administrative remedies).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. The PLRA merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

The Federal Bureau of Prison's Administrative Remedy Program (Program) allows inmates to seek formal review of issues related to any aspect of their confinement. 28 C.F.R. § 542.10. The program requires inmates to first seek an informal resolution of their issue by presenting the issue to the prison's staff. 28 C.F.R. § 542.13. Thereafter, if the inmate is not satisfied with the staff's attempt to informally resolve their issue, the inmate may submit a Request for Administrative Remedy (request). *Id.* The inmate will then await a response from the warden. *See* 28 C.F.R. § 542.15. If the warden's response to the inmate's request fails to satisfy the inmate, the inmate may file an appeal with the Regional Director within twenty days of the date the warden signed the response. *Id.* Upon receiving the Regional Director's response, the inmate may file a final appeal to the General Counsel. *Id.*

## III.  ANALYSIS

Defendants argue that Plaintiff failed to exhaust his administrative remedies. They submit a Declaration from James D. Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, to support their argument. (Doc. No. 21-1.)

Mr. Crook states that the BOP records show Plaintiff only filed an administrative remedy regarding the medical care he received for his finger and an appeal to the Regional Director.  (*Id.*)   Plaintiff did not appeal to the General Counsel and therefore, failed to exhaust his administrative remedies.  (*Id.*)

In his Response, Plaintiff fails to present any evidence to refute the argument that he failed to exhaust his administrative remedies.  (Doc. No. 24.)  Plaintiff states, ". . . the record unambiguously reveals otherwise" (Doc. No. 24 at 2) but he fails to cite to the part of the record that contradicts Defendants' Motion.  Moreover, Plaintiff's own documents support Defendants' assertion.  (Doc. No. 2 at 15, 18, 42.)  Plaintiff filed an informal resolution on July 19, 2011.  (Doc. No. 2 at 42.)  When he received no response,[4] he filed a Request for Administrative Remedy on July 26, 2011.  (Doc. No. 2 at 18.)  Unsatisfied with the Warden's response, Plaintiff appealed to the Regional Director.  (Doc. No. 2 at 15.)  The Regional Director denied Plaintiff's request for administrative remedy, and informed Plaintiff he could appeal the decision to the BOP Administrative Remedy Section.  (Doc. No. 2 at 11-12.)  But Plaintiff never did.

The Court finds that Plaintiff failed to exhaust his administrative remedies.  The Defendants' Motion for Summary Judgment (Doc. No. 21) should be GRANTED and the Complaint (Doc. No. 2) should be DISMISSED without prejudice.

## IV.    CONCLUSION

---

[4]The Court notes that correctional counsel made a hand written note on the informal resolution that the matter had been informally resolved.  (Doc. No. 2 at 42.)

IT IS THEREFORE RECOMMENDED that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 21) should be GRANTED.

2.      The Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to exhaust administrative remedies.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation, and the accompanying judgment, would not be taken in good faith.

DATED this 29th day of May, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE